IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AC BLUEBONNET, LP,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PATRICK EGAN, an individual;<br><br>　　　　　　　Defendant. | 8:22CV81<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff, AC Bluebonnet, LP's ("Bluebonnet's") Motion to Alter or Amend the Judgment or Alternatively, for Leave to File an Amended Complaint, Filing No. 14. Defendant, Patrick Egan, opposes the motion to the extent it seeks to alter or amend the Court's previous judgment, but does not oppose Bluebonnet's request for leave to file an amended complaint. The Court denies the motion to alter or amend but grants Bluebonnet leave to file an amended complaint.

## I.　MOTION TO ALTER OR AMEND

Bluebonnet moves under Federal Rule of Civil Procedure 59(e) for the Court to alter or amend its previous Order dismissing the case for failure to state a claim upon which relief can be granted. Filing No. 14 (Bluebonnet's motion); Filing No. 12 (Court's previous dismissal order). In its prior Order, the Court determined Bluebonnet failed to state claims for breach of contract based on a confidentiality and noncompete/nonsolicitation provision in Egan's employment contract, breach of the fiduciary duty of loyalty, and misappropriation of trade secrets under Nebraska and federal law. Filing No. 12 at 9–11.

1

Bluebonnet contends the Court committed manifest errors of law in granting dismissal which require the Court to amend its previous judgment. Filing No. 15 at 2–9. Bluebonnet first argues that contrary to the Court's finding, the nonsolicitation provision of Egan's employment contract is enforceable despite not containing a geographical limitation or a limitation to the types of products Bluebonnet sells because it was otherwise limited to customers with whom Egan had actual contact. *Id.* at 3–4; Filing No. 19 at 2–3. The Court does not find its prior order to constitute a manifest error of law. Bluebonnet's argument narrowly focuses on only a portion of the clause, but the provision which Bluebonnet seeks to enforce is far broader than a mere nonsolicitation clause limited to customers with whom Egan had contact; it also includes noncompetition prohibitions related to contact with "any" Bluebonnet employees for any benefit of a competing business. Accordingly, the Court's order finding this provision to be overly broad and unenforceable was not manifest error.

Bluebonnet next argues that the Court committed manifest error in dismissing its trade-secret claims because it was incorrect in determining Bluebonnet did not plead it took actions to keep its alleged trade secret information confidential. Filing No. 15 at 5–6. Once again, however, Bluebonnet focuses narrowly on only a portion of the Court's order. Bluebonnet ignores that the Court also granted dismissal of Bluebonnet's trade-secrets causes of action for its failure to plead that Egan actually used any supposedly confidential information after leaving its employ. Filing No. 12 at 9–10. Thus, the Court's order finding Bluebonnet failed to state a claim with respect to the trade-secrets causes of action is not manifest error. The Court finds there is no basis to alter or amend its previous judgment under Rule 59(e).

II.   **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

In the alternative, Bluebonnet moves for leave to file an amended complaint. Filing No. 15 at 8–9. Egan does not oppose Bluebonnet's motion for leave to file an amended complaint but reserves the right to move to dismiss any newly amended complaint. Filing No. 18 at 6–7.

Except for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907–08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). Bluebonnet has not previously moved to amend its complaint and this case is otherwise fairly recent and in its early stages. Given Egan's non-opposition and the lack of any factors weighing against amendment, the Court finds justice requires Bluebonnet be given leave to file its amended complaint.

IT IS ORDERED:

1. Plaintiff's Motion to Alter to Amend or for Leave to File an Amended Complaint, Filing No. 14, is denied as to its request to alter or amend but is granted to allow Plaintiff leave to file an amended complaint;

2. Plaintiff shall file its amended complaint within seven (7) days of the date of this Order. Failure to comply with this deadline may result in dismissal of the case

4

without further notice.  The Defendant shall have fourteen (14) days from the filing of the Amended Complaint to Answer it.

Dated this 23rd day of January, 2023.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge