IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AC BLUEBONNET, LP,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PATRICK EGAN, an individual,<br><br>　　　　　　Defendant. | 8:22CV81<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter comes before the Court on Plaintiff, AC Bluebonnet, LP's ("Bluebonnet's") Motion to for Leave to File a Second Amended Complaint, Filing No. 22. Also before the Court is Defendant's, Patrick Egan's ("Egan"), Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Filing No. 28. In this action, Bluebonnet asserts claims for breach of confidentiality and noncompete provisions of an employment contract, breach of the duty of loyalty in connection with an employment/ownership interest, and misappropriation of trade secrets under the Nebraska Trade Secrets Act ("NTSA"), Neb. Rev. Stat. § 87-501 et seq., and violations of the federal Protection of Trade Secrets Act ("PTSA"), 18 U.S.C. § 1836 et seq. The case was removed from state court pursuant to 28 U.S.C. § 1441. This Court has jurisdiction under 28 U.S.C. § 1331.

　　　　This Court previously determined that Egan's initial motion to dismiss, Filing No. 6, should be granted, as Bluebonnet failed to allege sufficient facts as to any of its claims. However, the Court left open the possibility of filing a motion to amend the complaint. Filing No. 12 at 11. Bluebonnet then filed a motion to alter or amend or to file an amended complaint. Filing No. 14. The Court granted the same with regard to the motion to amend. Filing No. 20. Bluebonnet filed its Amended Complaint on January 30, 2023. Filing No. 21. Thereafter, Bluebonnet took the deposition of Egan and other fact witnesses.

1

Bluebonnet wants to file a Second Amended Complaint to incorporate these alleged new facts that were unknown until that time. The proposed Second Amended Complaint is filed at Filing No. 22-1.

### MOTION TO DISMISS THE AMENDED COMPLAINT

Egan moves to dismiss Bluebonnet's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (stating "'[t]hreadbare recitations of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to a presumption of truth" (quoting *Ashcroft*, 556 U.S. at 678)). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 678).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. A claim has facial plausibility when the Bluebonnet pleads factual content that allows the Court to draw the reasonable inference that the Egan is liable for the misconduct alleged. *Id.* "Determining whether a complaint

states a plausible claim is context-specific, requiring the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Bluebonnet argues it is not attempting to enforce the covenant not to compete, but instead, it is asserting that the specific conduct in servicing the same customers Egan served while an employee at Suther, is the basis of its claims.[1] In particular, Bluebonnet wants this Court to find that Egan violated a non-solicit provision, that, under Nebraska law, is reasonable in time and scope.

Bluebonnet also argues that its product formula is protected from disclosure by non-publication of ingredient ratios on tags, safeguards on computers, and confidentiality agreements signed by Bluebonnet employees. Bluebonnet argues that where its trade secret allegations "may cover broad categories of information," at the pleading stage, a plaintiff "need only provide a short and plain statement of the claim showing that it is entitled to relief." *CFGenome, LLC v. Streck, Inc.*, No. 4:16-CV-3130, 2017 WL 7411164, at *3–4 (D. Neb. July 26, 2017) (denying motion to dismiss claims for misappropriation of trade secrets). Bluebonnet contends that Egan had intimate knowledge of Bluebonnet's customers and product formulations. Egan, contends Bluebonnet, worked closely with

---

[1] The claims in question, according to Bluebonnet, include the following facts as set forth in the Amended Complaint, Filing No. 21:
  1. The product formulations sold to Bluebonnet's beef customers is highly proprietary and confidential. While beef cattle have a "tag" that lists the ingredients fed, the "tag" specifically does not include the percentages of each ingredient, as the product formulation is created for specific customers, based on that customer's type of cattle and business objectives. Bluebonnet's product formulations give it a "leg up" in the industry. *Id.* at 3–4.
  2. Egan was one of just two people with access to the product formulation software at Bluebonnet. Access to such software program was also guarded and protected by individual login rights. *Id.* at 4.
  3. Bluebonnet does not provide its customers with product formulation details. Customers are only provided a feed tag of the product upon purchase that detailed nutrient guarantees, a list of ingredients, and feeding directions. *Id.*

3

two former nutritional consultants, shared information with his new employer, Suther, and had direct contact with Bluebonnet's customers.

First, with regard to the restrictive covenants set forth in the Complaint, this Court clearly articulated in its previous two Memoranda and Orders, Filing Nos. 12 and 20, that these covenants are overly broad and are unenforceable under Nebraska law. Even so, the Bluebonnet again pleads these two causes of action in its amended complaint, Filing No. 21, and in its proposed second amended complaint. Filing No. 22-1. The Court has reviewed the same and finds there is no basis for asserting these claims here again. *See e.g.*, *Furnas Cnty. Farms v. Hayes Cnty.*, No. 8:00CV548, 2002 WL 1796511, at *1 (D. Neb. Aug. 5, 2002).

In Counts II and III of the Amended Complaint, the allegations relating to trade secrets under Neb. Rev. Stat. § 87-501, et seq. and the federal Protect Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq., again do not state a cause of action in this case. Bluebonnet fails to include any material or significant facts that relate to the same confidential information as defined under the agreement. The Court has previously found these restrictive covenants to be unenforceable. The addition of minimal facts in this regard does not change that conclusion.

With regard to Count I, Bluebonnet makes a claim for breach of contract, stating that Egan engaged in unfair business activities by using confidential information as well as soliciting beef producers. On two occasions, and again in this Memorandum and Order, the Court has previously determined that the restrictive covenants are unenforceable. While employers have a legitimate business interest in protecting their confidential information, *Gaver v. Schneider's O.K. Tire Co.*, 856 N.W.2d 121, 130–31

(Neb. 2014), overbroad confidentiality provisions that effectively bar workers from working in a certain industry are overly broad and unenforceable. *Farmers Edge Inc. v. Farmobile, LLC*, No. 8:16CV191, 2018 WL 2869005, at *8 (D. Neb. May 3, 2018). Thus, this claim is without merit.

Next, under Counts II and III, Bluebonnet alleged a claim for misappropriation of trade secrets. Egan contends that Bluebonnet has failed to show that any of this alleged misappropriated information is protected under either the Nebraska Trade Secret Act or the Protect Trade Secret Act. Bluebonnet alleges a bit of additional language as it relates to "product formula." This is not sufficient. *See Jackson v. Smart-Fill Mgmt. Grp., Inc.*, No. 4:20-CV-3019, 2020 WL 3851313, at *4 (D. Neb. July 8, 2020) (finding that a plaintiff's summary allegations in exceedingly broad terms did not sufficiently state a claim for misappropriation of trade secrets). It is likewise not appropriate to rely on that which is included in the definitions in the agreement, as the Court has concluded that the confidentiality agreement is not valid. Further, in the Amended Complaint, Bluebonnet failed to specify the misappropriated trade secrets. The Court agrees that Bluebonnet has failed to cure the many defects in the initial Complaint. *See Jackson*, 2020 WL 3851313 *5 (finding plaintiff failed to state claim for misappropriation of trade secrets where plaintiff failed to allege specific "trade secrets" allegedly misappropriated by the defendant). *See also W. Point Auto & Truck Ctr., Inc. v. Klitz*, 492 F. Supp. 3d 936, 942 (D. Neb. 2020) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (quoting *Ashcroft*, 556 U.S. at 678)) (internal quotation marks omitted).

**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

In the alternative, Bluebonnet moves for leave to file an amended complaint. Filing No. 22. Except for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 907–08 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992).

Bluebonnet asks for leave to file the Second Amended Complaint, arguing that this will moot the motion to dismiss. Bluebonnet wants to allege new information gathered during discovery and depositions discovered during a related parallel litigation. The Court has carefully reviewed the proposed changes in the Second Amended Complaint. Filing No. 22-1. The Court agrees that Egan likely had access to confidential information, including customer lists, sales records, and financial information. However, that is not the issue. The issue is what did Egan do with this specialized, confidential information. There are few or no allegations regarding whether Egan solicited current customers. In the Amended Complaint, Bluebonnet admitted it is unable "to identify the specific Confidential Information and trade secrets that [Egan] has misappropriated." *See* Filing No. 21, Amended Complaint ¶ 38). This admission remains in Bluebonnet's Second Amended Complaint. Filing No. 22-1, Second Amended Complaint ¶ 45. Egan's continuation of

his business relationships with Smith and Reed, without more, are irrelevant. There are no facts to support the allegations that Egan solicited these clients.

More importantly, the Court finds the deficiencies in the pleadings, as discussed herein and previously in Filings No. 12 and 20, are not cured in the proposed Second Amended Complaint. As previously found, the restrictive covenants at issue in this lawsuit are overly broad and unenforceable. Further, the Court will not sever the clauses. *See Controlled Rain, Inc. v. Sanders*, No. A-04-858, 2006 WL 1222772, at \*12 (Neb. Ct. App. May 9, 2006) (finding Nebraska courts are prohibited from severing unenforceable provisions of restrictive covenants to permit the enforcement of any valid restrictive covenants even if the agreement contains a severability clause). "The Nebraska Supreme Court stated that the employment agreement was not a compilation of severable provisions and that essentially, the employer's request was one seeking reformation of the employment agreement, which request the Supreme Court declined. *Vlasin v. Len Johnson & Co.*, 455 N.W.2d 772 (Neb. 1990), Vlasin v. Len Johnson & Co., 235 Neb. 450, 455 N.W.2d 772 (1990) (holding that it is not function of courts to reform unreasonable covenants not to compete solely for purpose of making them legally enforceable and setting aside trial court's reformation of covenant contained in management agreement)." *Controlled Rain, Inc.*, 2006 WL 1222772, at \*10. Simply put, the Second Amended Complaint lacks the required specificity to support any of the legal conclusions set forth by Bluebonnet.

**THEREFORE, IT IS ORDERED THAT** Bluebonnet's Motion to File a Second Amended Complaint, Filing No. 22, is denied. Egan's motion to dismiss for failure to state

7

a claim, Filing No. 28, is granted, and this case is dismissed.   A separate judgment will be entered in accordance with this Memorandum and Order.

    Dated this 9th day of June, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge